## SUPREME COURT.

AARON H. BEAN agt. PETER RENWAY, impleaded with EDWARD WELLS.

This case presents a purchase of goods upon false representations, (not unfrequent in the city of New-York,) upon these facts:

The goods were sold by the plaintiff to defendant Wells, upon a credit of six months, upon the representations of defendant Renway, that Wells was good and responsible to the extent of $800 to $1,000. That he was a prudent and careful man, worth $2,000 to $3,000, and owed very little if anything, and that he was every way responsible and worthy of credit.

When the fact was, that at the time of the purchase, Wells was considerably in debt, and in reality insolvent, and Renway knew it, for among other debts of Wells, was a judgment against him in favor of Renway, for $1,000, docketed only one month previous to the purchase, and upon which an execution was issued and put in the hands of an officer, and on the arrival of the goods from New-York, and before they reached Wells' store, the execution was fastened upon them by a familiar proceeding called a *levy*. Judgment was rendered for plaintiff with costs.

*New - York General Term, December,* 1858.

*Before* DAVIES, *P. J.,* SUTHERLAND *and* INGRAHAM, *Justices.*

THE summons in this action was for relief, and the complaint alleged fraud and misrepresentations on the part of the defendant Renway, upon the purchase of the articles set forth in the complaint, consisting of wines, brandies and liquors. The cause being at issue upon the pleadings, it was by stipulation of the attorneys of the respective parties, and the order of the court, referred to Amos K. Hadley, Esq., as sole referee. The defendant Edward Wells, was not served with either a copy of the summons or complaint. The referee found and reported

Bean agt. Renway.

as matters of fact : That in the early part of August, 1851, the plaintiff at the city of New-York, sold and delivered to the defendant Edward Wells, merchandise to the amount of two hundred and fifty-eight dollars and fifty-six cents, on a credit of six months, for which he took said Wells' promissory note. That the order for them was received and the bill thereof dated the 30th day of July, 1851, but the goods were not delivered till some time in August, 1851. That the delay in the delivery of the goods grew out of the plaintiff's doubt and hesitancy about the responsibility of said Wells. That he was finally induced to sell and deliver the goods to Wells, by the representations of the defendant Renway, that he (Wells) was good and responsible to the extent of $800 to $1,000. That he was a prudent and careful man, worth $2,000 to $3,000, and owed very little if anything, and that he was every way responsible and worthy of credit.

That at the time of such sale and delivery, the said Wells was considerably in debt, and was in fact insolvent, and that the defendant Renway knew it, and that among other debts owing by Wells at the time of this sale was a judgment docketed against him on the 30th day of June, 1851, one month before the sale, in favor of defendant Peter Renway, for $1,000 and costs, and on which judgment the said defendant Renway, caused an execution to be issued and served upon the same goods so sold and delivered by the plaintiff to Wells, on their arrival at Whitehall, and before they reached the store of said Wells. That such representations on the part of the defendant Renway, were false and fraudulent, were designed to induce and did induce the sale and delivery aforesaid.

And as matter of law, that the plaintiff was entitled to judgment against both defendants, for said sum of two hundred and fifty-eight dollars and fifty-six cents, and interest thereon from the first day of February, 1852, amounting together up to the date of the report, to three hundred and seventy dollars and eighteen cents, ($370.18,) besides costs of the action.

From the judgment entered upon the report of the referee,

the defendant Renway appealed to the general term of this court.

JOHN FITCH, *for plaintiff.*
POTTER & TANNER, *for defendant.*

By the court—SUTHERLAND, Justice. There is a good cause of action stated in the complaint against the defendant Renway, to which he appeared and answered, and the issue was referred to A. K. Hadley, Esq., who reported in favor of the plaintiff. The report of the referee, and the judgment entered thereon, were abundantly justified by the case and the evidence. The evidence in the case, to which no objection was made, appears to us to have been abundantly sufficient to authorize the conclusion to which the referee arrived. And we are at a loss to see upon what ground the defendant Renway, expected this court to set aside the report of the referee.

The judgment entered on the report of the referee must be affirmed with costs.

NOTE.—The merchants in the city of New-York, it is pretty generally understood, are very frequently the victims of this fraudulent and to some extent systematic reducing process. And the courts in the city appear to understand and intend from the frequency of such cases, that no mock trials or judgments will be tolerated in reference to them, and that each successive case of the kind will have a tendency to nerve the arm of justice, and insure a more powerful blow upon the head of the offender, so that the practice will probably become extra hazardous, besides being in the end extremely inconvenient to pursue.—[REPORTER.